## 9536

### WILSON v. TREXLER *ET AL.*

#### (90 S. E. 180.)

1. TENDER—WRONGFUL REFUSAL—DUTY TO CARE FOR GOODS.—Where a tender of goods is refused, though wrongfully, the tenderer becomes the bailee for the tenderee, and must take care of the property at the risk and expense of the tenderee.

2. DAMAGES—DUTY TO MINIMIZE—REFUSAL OF TENDER OF GOODS.—The principle that one injured by the negligence of another must reasonably exert himself to minimize his damages is not applicable to the case of a tender of goods wrongfully refused, so as to place any duty on the tenderee on the tenderers' failing in their duty of taking care of the goods, because, the goods being in the tenderers' possession, the tenderee cannot interfere therewith without invading their possession.

Before MOORE, J., Bishopville, Spring term, 1915. Reversed.

Action by Edwin Wilson against Harry C. Trexler and others, partners as the Trexler Lumber Company. Judgment for defendants, and plaintiff appeals.

*Mr. Thos. H. Tatum,* for appellant, cites: *As to bailments:* 2 Rich. L. 46. *Minimizing damages:* 98 S. C. 343. *Punitive damages:* 65 S. C. 42.

*Messrs. McLeod & Dennis,* for respondents, cite: *Damages:* 96 S. C. 176; 98 S. C. 343; 90 S. C. 507. *Bailees:* 27 S. C. 305. *Wilfulness:* 90 S. C. 512.

October 9, 1916.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

The facts which gave rise to this controversy are fully stated in *Trexler Lumber Co.* v. *Wilson,* 96 S. C. 176, 80 S. E. 271. In that case it was adjudicated that the lumber

company had the right to retain possession of the lumber, pending the litigation, after Wilson's refusal of their offer to return it to him, upon payment of the amount advanced thereon by them and the freight and unloading charges.

When that litigation was ended, and the lumber was delivered to Wilson, it was found to be in a damaged condition, by reason of the fact that it had been thrown out of the cars and left upon the ground for nearly three years, without being stacked or covered to protect it from the weather. Thereupon Wilson brought this action for the damages resulting to him by reason of the failure of the lumber company to take proper care of the lumber while it was in their possession.

The company contended that, as their tender of the lumber to Wilson, on condition of his complying with their lawful demand, above stated, had been refused, it was Wilson's lumber, and, therefore, his duty, and not theirs, to take care of it, and, further, that even if they were negligent in respect thereof, it was Wilson's duty, knowing of their neglect, to minimize his damages by taking care of the lumber himself, and that, as it appeared that he could have done so by stacking and covering it, he was not entitled to recover more than $36, since the testimony showed that by the expenditure of that amount he could have averted the damage complained of. The Court took that view of the case, and directed the verdict accordingly.

The rule is that, where a tender of property is refused, even though wrongfully, the tenderer becomes the bailee of the tenderee, and it is his duty as such to take care of the property, at the risk and expense of the tenderee. *Carter* v. *Walker,* 2 Rich. 46; *Lamb* v. *Lathrop,* 13 Wend. (N. Y.) 95, 27 Am. Dec. 174, 38 Cyc. 165. These authorities show that it was the company's duty to take care of the lumber while it was in their possession, at the risk and expense of Wilson. The principle that one who is injured by the negligence of another must reason-

ably exert himself to minimize his damages is not applicable to the facts of this case, because the lumber was in possession of the company, and Wilson could not have interfered with it without invading their possession.

Judgment reversed.